UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN KELLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-1663-RLW |
| ) | |
| FRANKLIN COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Franklin Kelley, an inmate at the Franklin County Jail, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion. Plaintiff will not be required to pay an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Additionally, for the reasons explained below, the Court will partially dismiss the complaint, and stay and administratively close the remaining proceedings pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007) based on the pendency of a Missouri State criminal case against plaintiff arising from the same facts.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing a zero account balance in the weeks immediately preceding the filing of the complaint, and a balance below $1.00 during the two months preceding the filing of the complaint. The statement also shows that plaintiff is subject to a $5.54 debt. Therefore, the Court will not require plaintiff to pay an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). However, plaintiff is not excused from paying the full filing fee. The agency having custody of plaintiff will be directed to begin forwarding payments from plaintiff's inmate account, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

In 2015, criminal charges were filed against plaintiff in the Circuit Court of Franklin County, Missouri. *State of Missouri v. Franklin E. Kelley*, No. 15AB-CR01399-01 (20th Jud. Cir. 2015). The Information filed by the Prosecuting Attorney alleges that on August 10, 2015, plaintiff committed armed robbery of a Dollar General store, and then attempted to kill a law enforcement officer by pointing a gun at him and then wrestling for control of the officer's gun. Plaintiff is charged with first-degree robbery, first-degree assault on a law enforcement officer, and two counts of armed criminal action. As of the date of this Memorandum and Order, a jury trial is

scheduled for January 21, 2020. This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville,* 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Franklin County Sheriff's Department and the law enforcement officers who are involved in pursuing the state criminal case against him. Those officers are Eric Wagner, Andrew Rosenkoetter, Jason Weggemann, Scott Briggs, C.R. Gibson, Jason Grellner, and an unspecified number of "Sheriff's Dept. personnel." He sues the defendants in their official and individual capacities. He alleges as follows.

On August 10, 2015, "a Franklin County Sheriff's Deputy" pistol-whipped plaintiff and then shot him in the back of the head. The bullet did not enter plaintiff's brain, but caused a wound that plaintiff alleges was closed with multiple staples. Wagner conspired to plant a gun, and to coerce a witness to go along with it. Rosenkoetter made false statements and gave perjured deposition testimony, giving three different descriptions of a gun and its location. He also falsely stated he did not see plaintiff get shot. Weggemann falsely stated that plaintiff was wearing clothing identical to clothing worn by the robbery suspect, and attempted to plant a gun. Grellner falsely stated he recovered a gun identical to the one used in the robbery, and planted evidence. Gibson and Briggs interrogated plaintiff even though plaintiff repeatedly asked for counsel, and used physical and psychological means to coerce him to talk. An unidentified

sheriff's department employee cancelled a DNA test on a gun, and another unidentified employee deleted the audio recording of Wagner's dashboard camera.

Plaintiff alleges that collectively, the law enforcement officer defendants conspired to destroy evidence and manufacture/fabricate evidence, and are trying to frame him. He seeks $10 million in compensatory damages, and $30 million in punitive damages.

**Discussion**

Plaintiff's claims against the Franklin County Sheriff's Department will be dismissed. The Sheriff's Department is a municipal department of Franklin County, and is not itself an entity that can be sued under § 1983. Therefore, the complaint fails to state a claim against this defendant. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Plaintiff's official capacity claims against the law enforcement officer defendants will also be dismissed. A suit against a public employee in his official capacity is the equivalent of a suit against the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, plaintiff alleges all of the individual defendants are or were employees of the Franklin County Sheriff's Department. As noted above, this entity is not suable under § 1983; therefore, claims asserted against it through its employees must be dismissed.

The Court now turns to plaintiff's individual capacity claims. The majority of plaintiff's claims are based upon allegations that the law enforcement officer defendants acted individually and as part of a conspiracy to destroy evidence, plant, manufacture and/or fabricate evidence to

5

use against plaintiff in the pending criminal action, and frame plaintiff for the crimes of which he is charged. These claims are related to rulings that will likely be made in plaintiff's pending criminal trial. In *Wallace v. Kato,* the Court instructed that "[i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." 549 U.S. at 393-94 (internal citations omitted). Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, the Court concludes that the principles of *Wallace v. Kato* dictate that further consideration of plaintiff's claims should be stayed until the underlying criminal matter against plaintiff has been resolved. To the extent plaintiff has an additional claim or claims against any individual defendant stemming from the use of allegedly excessive force, plaintiff may file a separate lawsuit in this Court. The Court will instruct the Clerk of Court to provide plaintiff with a blank complaint form.

Plaintiff has also filed a motion to appoint counsel. The Court will deny this motion without prejudice to being re-filed if and when this matter is reopened.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**. The Court will not require plaintiff to pay an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4).

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's claims against the Franklin County Sheriff's Department are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Eric Wagner, Andrew Rosenkoetter, Jason Weggemann, Scott Briggs, C.R. Gibson, Jason Grellner, and "Unknown Sheriff's Dept. Personnel" are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all remaining proceedings in this case are **STAYED** and this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the Missouri State proceedings relating to *State of Missouri v. Franklin E. Kelley*, No. 15AB-CR01399-01 (20th Jud. Cir. 2015). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition, including final disposition of any appellate proceedings and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank prisoner civil rights complaint form, and a blank Application To Proceed in District Court Without Prepaying Fees or Costs form.

A separate order of partial dismissal will be entered herewith.

Dated this 17th day of September, 2019.

7

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE